# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**         **Case No. 6:09-cr-43-Orl-22GJK**

**LORENZO LEON BODIE,**

        **Defendant.**

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration after oral argument on Defendant's Motion to Reconsider Detention and to Set Bond (the "Motion") pursuant to 18 U.S.C. § 3145(b). Doc. No. 24

| | |
|---|---|
| **MOTION:** | **MOTION TO RECONSIDER DETENTION AND TO SET BOND (Doc. No. 24)** |
| **FILED:** | **March 18, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On December 18, 2009, law enforcement agents in the United States District Court for the Southern District of Florida arrested Lorenzo Leon Bodie (the "Defendant") on a warrant from the United States District Court for the Middle District of Florida. *See* Doc. No. 8 at 3. On December 23, 2009, and January 8, 2010, the Defendant appeared before the Honorable Magistrate Judge Robin S. Rosenbaum in the Southern District of Florida for a hearing pursuant to 18 U.S.C. § 3142(f) to

determine whether the Defendant should be detained prior to trial. *See United States v. Bodie*, Case No. 0:09-MJ-6514-RSR, Doc. No. 8 (S.D. Fla. 2010). On January 8, 2010, Magistrate Judge Rosenbaum entered an order detaining the Defendant prior to trial and until the conclusion thereof. *Id*.

Pursuant to 18 U.S.C. § 3142(i), Magistrate Judge Rosenbaum made the following findings of fact and statement of reasons for detention:

> 1. The defendant is charged by indictment out of the Middle District of Florida with being a previously deported alien [who] was found thereafter to be in the United States without first having obtained permission . . ., in violation of 8 U.S.C. § 1326(a) and (b)(2). This case does not involve a crime described in Title 18, United States Code, Section 3142(f)(1). The United States seeks detention on both the bases of risk of flight and danger to the community.
> 2. Title 18, United States Code, Section 3142(g)(2), requires the Court to consider the weight of the evidence against the defendant. Here, the weight of the evidence is significant. The government has presented the sworn testimony of Special Agent Jackie Acosta of Immigration and Customs Enforcement ("ICE").
>
> Agent Acosta testified as follows:
>
> Defendant, a Bahamian national, was deported from the United States on May 18, 2005. ICE learned of his presence in the United States in February, 2009, after the Melbourne Police Department notified ICE that a woman identified Defendant as the man who raped her, from a photo line-up of six individuals. ICE then reviewed Defendant's alien file and noted that the photograph that the woman had identified matched a picture of Defendant contained in his alien file. ICE's research showed that Defendant had neither requested nor received permission from the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States. Consequently, on April 1, 2009, the grand jury returned the pending indictment against Defendant, and a warrant was issued for Defendant's arrest.
>
> In December, 2009, the Miramar Police Department stopped Bodie while he was driving in Broward County. Because the officers determined that Bodie was driving on a suspended license, they detained him. During that time, they learned of the outstanding arrest warrant, and contacted ICE officials, who arrested Bodie. At the time of Bodie's arrest, his fingerprints were taken and compared to those

> contained in Bodie's alien file. The comparison revealed a match. Based on these facts, the Court finds the weight of the evidence against the Defendant to be of significance.
> 3. The pertinent history and characteristics of the Defendant, of which Sections 3142(g)(3)(A) and (B) require a review, also support pretrial detention. The Pretrial Services Report indicates that Defendant has been arrested on at least 25 occasions and has been convicted of strong-arm robbery and other offenses. His record further indicates failures to appear to face charges.
>
> The Defendant is a Bahamian national. Although Defendant has children and step-children, the siblings of Defendant, whose whereabouts Defendant knows all reside outside the United States. Moreover, although Defendant ultimately represented to the Court through his attorney that he understood that if granted bond, he needed to appear for court proceedings in the Middle District of Florida and that he would do so, Defendant's actions during the hearing indicated the opposite. In this regard, on more than once occasion during the proceedings, Defendant interjected that he would not return to Orlando.
>
> According to ICE, Immigration records indicate that Defendant is present in the United States illegally. Although Defendant claimed to be in the United States legally and working as a confidential source for federal law enforcement in the Middle District of Florida – and despite a two-week continuance of the detention hearing, in part, to allow Defendant to marshal any such evidence, he presented no competent evidence whatsoever to support this suggestion. Furthermore, he has a record of past failure to appear and he otherwise lacks sufficient ties to reasonably ensure his presence as required. For these reasons, the Court finds by a preponderance of the evidence (as well as by clear and convincing evidence) that Defendant presents a serious risk of flight for which no condition or combination of conditions exists to reasonably ensure his presence as required.
> 4. Based on the seriousness of the alleged circumstances surrounding the discovery of Defendant's alleged illegal immigration status, and taking into account Defendant's past record, the Court finds that Defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(3) and (4). The Court therefore finds, based on clear and convincing evidence, that Defendant would pose a danger to the safety of other persons and the community. Thus, the Court specifically finds that no condition or combination of conditions reasonably will ensure the safety of other persons and the community. 18 U.S.C § 3142(e).

*See United States v. Bodie*, Case. No. 0:09-mj-6514-RSR, Doc. No. 8 (S.D. Fla. 2010) (footnote omitted). Thus, the Defendant was detained pending the conclusion of the trial in this case. *Id*.

On January 14, 2010, Defendant was transferred to the Middle District of Florida. Doc. No. 8. On January 20, 2010, the undersigned conducted Defendant's arraignment. Doc. No. 9. On March 18, 2010, Defendant filed the Motion. Doc. No. 24. In the Motion, Defendant requests review of the detention order because the order "does not state factual findings and legal conclusions" justifying Defendant's continued detention. Doc. No. 24. The Defendant maintains that a reasonable bond would assure the Defendant's appearance at further proceedings before this Court. *Id*.

On March 26, 2010, a hearing was held before the undersigned on the Motion and a motion by Defendant's counsel to withdraw (Doc. No. 26). Doc. No. 30.[1] At the hearing, the parties acknowledged that counsel for the Defendant did not have the benefit of Magistrate Judge Rosenbaum's written order prior to filing the Motion. The Government reviewed the factors set forth in 18 U.S.C § 3142(g) and argued that Magistrate Judge Rosenbaum's order properly addressed each factor, providing factual support and applying the correct legal standards. The Government argued that although the Defendant continued to maintain he was currently a confidential informant for the federal government, the Government's records indicate that Defendant was a confidential informant only between 1994 and 1996, and was a paid a total of a few hundred dollars for that work. The Government argued that based on the pay received by the Defendant, he was not a significant informant. The Government maintained that based on the seriousness of the rape charge in Brevard County, and the likelihood that the Defendant would flee to the Bahamas if released on bond, there are no conditions of release which would secure the Defendant's appearance in this Court for trial or to protect the community.

---

[1] Counsel's motion to withdraw was denied at the hearing. Doc. No. 30. Although the minutes reflect that the Court also denied the Motion at the hearing (Doc. No. 30), this report and recommendation is submitted to the District Court. *See* 18 U.S.C. § 3145(b) (providing that only a court with original jurisdiction may determine a motion to review a detention order issued by a magistrate judge).

Counsel for the Defendant acknowledged that Magistrate Judge Rosenbaum's order is a valid order of detention, but the Defendant did not understand the proceedings in the Southern District of Florida. The Defendant testified that he has worked with the Drug Enforcement Agency (the "DEA") in Orlando, Florida, Miami, Florida, Birmingham, Alabama, and the Bahamas. The Defendant testified that he is not a risk of flight or a danger to the community and he wants to resolve this matter. He stated he would not flee to the Bahamas because his life is at risk there due to his involvement with the DEA as a confidential information. The Defendant testified that his counsel was intoxicated during the proceedings in the Southern District of Florida and, therefore, Defendant did not understand those proceedings and his counsel misstated facts on the record.[2]

## II. ANALYSIS

The District Court has jurisdiction to review the order of detention issued by Magistrate Judge Rosenbaum. *See* 18 U.S.C. 3145(b); *U.S. v. Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996) (holding that the prosecuting district court is the only court that can review an order of detention regardless of where the order of detention is issued). Title 18, United States Code, Section 3142(g) requires that judicial officer consider the following factors when determining whether there are conditions of release which will reasonably assure the appearance of the defendant at trial and provide for the protection of the community:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including--

---

[2] The Defendant was represented by different counsel in the Southern District of Florida.

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). Thus, a judicial officer must consider: 1) the nature and circumstance of offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release. *Id*.

After fully considering Magistrate Judge Rosenbaum's order, the Motion, and the testimony and argument offered at the March 26, 2010 hearing, the undersigned finds that no reason has been offered which would warrant amending Magistrate Judge Rosenbaum's order. The Defendant rightly concedes that the argument in the Motion stating that Magistrate Judge Rosenbaum's order failed to state factual findings and legal conclusions which justify the Defendant's detention is not accurate. While the nature of the crime charged is not one involving violence, the weight of the evidence against the Defendant, as set forth in Magistrate Judge Rosenbaum's summary of Agent Acosta's testimony, and recounted by the Government at the March 26, 2010 hearing, is substantial. The

Defendant's prior history includes at least 25 arrests, a conviction for strong-armed robbery, and failures to appear. The Defendant also has a pending rape charge in Brevard County. The Defendant is a Bahamian national, and maintains ties there. The Defendant failed to offer any competent evidence that he continues to be a confidential informant for the DEA or that he was ever a confidential informant for the DEA except between 1994 and 1996.

The undersigned finds the Defendant's testimony that he would not flee to the Bahamas because he is in danger for his life should he return there to be less than credible. The undersigned finds that the Defendant failed to provide any reason at the March 26, 2010 hearing which would alter Magistrate Judge Rosenbaum's findings and conclusions. Thus, the undersigned recommends that the Court find that Magistrate Judge Rosenbaum's order establishes by a preponderance of the evidence that the Defendant presents a serious risk of flight for which no condition or combination of conditions exists to reasonably ensure his presence for trial. Based on the circumstances surrounding the discovery of Defendant's alleged illegal immigration status, and taking into account the Defendant's prior criminal history and the conviction for strong-armed robbery, the undersigned recommends that the Court find that the Government has demonstrated by clear and convincing evidence that the no condition or combination of conditions reasonably will ensure the safety of other persons and the community. Accordingly, the undersigned recommends that the Court **DENY** the Motion (Doc. No. 24).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on March 31, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge

Counsel of record

Unrepresented parties